### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUISA ANNETTE ALVAREZ-FELIX in representation of Joan Alberto Zorrilla-Lora.<br><br>**Petitioners**<br><br>v.<br><br>**REBECCA GONZÁLEZ RAMOS,** Special Agent in Charge of Homeland Security Investigations in San Juan, **GARRET J. RIPA** is Miami Field Office Director for U.S. Immigration and Customs Enforcement, overseen Puerto Rico's Immigration and Removal Operations, ICE Office in GSA Guaynabo Detention Facility; **TODD LYONS** in his official capacity, Acting Director for U.S. Immigration and Customs Enforcement; **KRISTI NOEM,** Secretary of Homeland Security; **PAMELA BONDI,** United States Attorney General; **W. STEPHEN MULDROW,** US District Attorney for the District of Puerto Rico; **ROBERTO VAQUERO** Director of Field Operations Customs and Border Protection; *all in their official capacities*.<br><br>**Respondents** | **CIVIL NO.** 26-1041 (RAM) |

### MEMORANDUM AND ORDER GRANTING TEMPORARY RESTRAINING ORDER

Pending before the Court is Petitioner Joan Alberto Zorrilla-Lora's ("Petitioner" or "Mr. Zorrilla-Lora") the *Emergency Motion for Temporary Restraining Order* (the "*Emergency Motion*"). (Docket No. 3). For the reasons outlined below, the *Emergency Motion* is **GRANTED.**

## I.   BACKGROUND

On January 23, 2026, Petitioner filed his pending *Emergency Motion*. (Docket No. 3). Petitioner seeks to preserve the status quo pending resolution of his *Petition for Writ of Habeas Corpus* (the "*Petition*") filed the same day. (Docket Nos. 1 and 3).

In his *Petition,* Mr. Zorrilla-Lora alleges that: (1) he is a national and citizen of the Dominican Republic; (2) on approximately October 13, 2021 he entered Puerto Rico without undergoing proper admission procedures; (3) on August 20, 2022, he married Luisa Anette Alvarez-Feliz, a United States citizen; (4) on September 13, 2024, USCIS approved his Petition for Alien Relative (1-130); (5) on June 12, 2025, United States Citizenship and Immigration Service ("USCIS") received his application for Provisional Unlawful Presence Waiver (I-601A) and payment of the filing fee as evinced by receipt number YSC2590037159; (6) his I-601A waiver is currently pending adjudication. (Docket No. 1 at 1-3; 5-6). On January 8, 2026, Petitioner was stopped by Carolina Municipal Police Officer Bahamundi Requena ("Officer Bahamundi") for alleged violations of Municipal Ordinance 17 Series 2022-2023-03. (Docket No. 1 at 2). Petitioner's Puerto Rico Driver's License, which he provided to Officer Bahamundi, contains a distinctive purple bar reserved for non-citizens. Id. Officer Bahamundi cited Petitioner to appear at the Carolina Municipal Police Station on January 15, 2026. Id. Petitioner was arrested by United States

Border Patrol agents ("BP Agents") at the Carolina Municipal Police Station on January 15, 2026. Id. at 2-3. Petitioner is currently in the physical custody of Respondents at the Aguadilla Processing Center. Id.

Petitioner argues that he was illegally detained and that if no action is taken, he will be transferred from the detention center in Aguadilla, Puerto Rico to the mainland United States within 72 hours, as there are allegedly no formal immigration detention centers in Puerto Rico. Id. at 9. Petitioner further contends that his detention is a violation of his constitutional rights to due process and is not justified under the Immigration and Nationality Act (the "INA"). Id. at 3.

In his *Emergency Motion*, Petitioner reiterates that absent judicial intervention, he faces imminent transfer outside of the District of Puerto Rico that would cause irreparable harm by severely interfering with his right to counsel. (Docket No. 3 at 2). Accordingly, Petitioner asks that the Court enjoin Respondents from transferring or relocating him outside the District of Puerto Rico; that he be granted access to counsel; and that Respondents show cause on an expedited basis as to why said relief should not remain in effect pending further proceedings regarding his *Petition*. Id. at 4.

## II. DISCUSSION

When evaluating a request for a temporary restraining order, courts must consider the same four factors that apply to a motion for preliminary injunction, namely: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the request is denied; (3) the balance of hardships; and (4) whether the TRO is in the public interest. *See* <u>Charlesbank Equity Fund II v. Blinds To Go, Inc.</u>, 370 F.3d 151, 161-162 (1st Cir. 2004) ("We hold that the traditional four-part preliminary injunction standard applies in full flower to motions brought under Rule 65 in hopes of securing prejudgment freeze orders.").

Furthermore, courts may issue a temporary restraining order only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). It has long been established that under federal law, ex parte temporary restraining orders **"should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."** <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of</u>

Alameda Cnty., 415 U.S. 423, 439 (1974) (emphasis added). Therefore, "[t]emporary restraining orders 'must be used sparingly and only in cases where the need for extraordinary equitable relief is clear and plain.'" Ginzburg v. Martinez-Davila, 368 F. Supp. 3d 343, 347 (D.P.R. 2019) (quoting Northwest Bypass Grp. v. United States Army Corps. of Eng'rs, 453 F.Supp.2d 333, 338 (D.N.H. 2006)).

The Court finds that in the case at bar, Petitioner has sufficiently met his burden. Accordingly, the Court hereby **GRANTS** Petitioner's *Emergency Motion* at Docket No. 3 and **ORDERS** the following:

1. Respondents shall not transfer Mr. Zorrilla-Lora outside of the District of Puerto Rico for a period of ten (10) days.

2. Not later than Tuesday, January 27, 2026 at 6:00 p.m., Respondents shall respond to:

    a. Petitioner's pending *Petition for Writ of Habeas Corpus* at Docket No. 1;

    b. Petitioner's pending *Urgent Motion Requesting Order* at Docket No. 2;

3. Petitioners shall notify this order to Respondents no later than 12:00 p.m. on Monday, January 26, 2026.

4. Petitioners shall post a bond of $100.00 by 5:00 p.m. on Monday, January 26, 2026; and

5. Petitioners shall serve process upon Respondents.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this **23rd day of January 2026 at 9:25 p.m.**

                                        S/ RAÚL M. ARIAS-MARXUACH
                                        United States District Judge